COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Casey Demon Carmon v. The State of Texas

Appellate case number:   01-12-01124-CR

Trial court case number: 1243459

Trial court:             174th District Court of Harris County

The complete record was filed in the above-referenced appeal on April 5, 2013, making appellant's brief due on May 6, 2013. *See* TEX. R. APP. P. 38.6(a). On September 6, 2013, appellant's appointed counsel, after receiving four extensions of time to file the brief, moved for a fifth extension of time. On September 12, 2013, we denied the motion, ordered appellant's brief be filed by September 18, 2013, and stated that "[i]f appellant's brief is not filed by September 18, 2013, the case will be abated and remanded to the trial court for a recommendation as to whether new counsel should be appointed to prepare and file a brief on appellant's behalf." Counsel has not responded to the Court's September 12, 2013 order and no brief has been filed on appellant's behalf.

We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Patrick McCann, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, determine whether good cause exists to relieve Patrick McCann of his duties as appellant's counsel, specifically addressing whether counsel's failure to file a brief despite having had 162 days to

---

[1]   Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

file a brief as of October 15, 2013 and whether his failure to comply with this Court's order to file a brief by September 18, 2013 constitute good cause for his removal;

(3) if good cause exists, enter a written order relieving Patrick McCann of his duties as appellant's counsel, including in the order the basis for and finding of good cause for his removal, and appoint substitute appellate counsel at no expense to appellant;

(4) if good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2012); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
        ☑ Acting individually    ☐ Acting for the Court


Date: October 17, 2013